TERRYL DUANE LEE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lee v. Commissioner
Docket No. 6207-93.
United States Tax Court
T.C. Memo 1995-375; 1995 Tax Ct. Memo LEXIS 375; 70 T.C.M. (CCH) 343; August 8, 1995, Filed *375 Decision will be entered under Rule 155. Terryl Duane Lee, pro se. Robert E. Cudlip, for respondent. GERBER, Judge GERBER
MEMORANDUM FINDINGS OF FACT AND OPINION GERBER, Judge: Respondent determined a deficiency in petitioner's 1990 Federal income tax in the amount of $ 9,782 and additions to tax under sections 6651 [1] and 6662(a) in the amounts of $ 214 and $ 1,956, respectively. After concessions, the issues remaining for our consideration are: (1) Whether petitioner is entitled to depreciation on two residential rental properties in an amount greater than that allowed by respondent; (2) whether petitioner is entitled to deduct costs incurred in renovating the rental properties in an amount greater than that allowed by respondent; (3) whether petitioner is entitled to deduct alleged automobile and travel expenses relating to the rental properties; (4) whether petitioner is liable for an addition to tax under section 6651(a)(1) for failure to file a timely return; and (5) whether petitioner is liable for additions to tax under section 6662(a) for negligence. *376 FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation and exhibits attached thereto are incorporated by this reference. Petitioner resided in Richmond, California, at the time the petition was filed. During 1990, petitioner owned two single-family residential rental properties in Vallejo, California, located at 317 Illinois Street (the Illinois property) and 224 Phelan Street (the Phelan property). Petitioner purchased the Illinois property in 1987 for $ 53,465 and the Phelan property in 1988 for $ 54,155. The homes were about 60 years old. Petitioner undertook substantial renovations on both properties during 1990. Petitioner spent $ 5,604 on the Illinois property, as follows: Replaced subfloor in the kitchen, bathroom, and utility room -- $ 3,500; installed new carpeting and linoleum -- $ 1,104; painted entire interior -- $ 1,000. On the Phelan property, petitioner spent a total of $ 15,642 on several projects, including: Two bedroom/one bathroom extension; enlarged existing kitchen; changed windows; replaced fixtures and doors; installed dishwasher. Petitioner's work on the Phelan property increased the size of the house from approximately *377 500 square feet to about 1,500 square feet, and included gutting the existing structure, rewiring electrical lines, changing the plumbing, and installing central heating. On Schedule E of his 1990 tax return, petitioner deducted all of the amounts spent on the rental property renovations as "Repairs" and "Supplies" expenses. Petitioner also claimed $ 5,564 in automobile and travel expenses related to his work on the rental properties. In the notice of deficiency, respondent disallowed the automobile and travel expenses for lack of substantiation and determined that some of the repairs and supplies expenses should be capitalized and depreciated as improvements to the properties. Respondent also determined that petitioner overstated his depreciation deductions on the Illinois and Phelan properties by failing to reduce his cost basis in the properties by the portion attributable to land, which respondent determined to be 25 percent. Petitioner's 1990 tax return was prepared by Albert E. Madkins, presumably based on information provided to Mr. Madkins by petitioner. Mr. Madkins also prepared and submitted to the Internal Revenue Service on petitioner's behalf a Form 4868, Application *378 for Automatic Extension of Time To File U.S. Individual Income Tax Return, thereby extending the due date of petitioner's 1990 return to August 15, 1991. Petitioner's 1990 return was not filed, however, until September 9, 1991. OPINION We agree with respondent that petitioner is not entitled to depreciate the portion of his cost basis in the Illinois and Phelan properties that is attributable to land. [2] *379 In her notice of deficiency, respondent allocated 25 percent of the cost of the properties to land; however, this allocation appears to be a rule of thumb amount used by respondent. At trial, petitioner testified that the Illinois and Phelan properties are situated on an earthquake fault line and the presence of the fault line reduced the value of the land. Petitioner estimated the value of the land on each property to be $ 2,000. [3] While we agree that the value of the land should be reduced to reflect its location on or near the earthquake fault line, we think a reasonable value for petitioner's land is 20 percent of his cost basis in the rental properties. Next, we turn to respondent's argument that several of petitioner's renovation projects on the Illinois and Phelan properties were in the nature of improvements and that the costs associated therewith should be capitalized and depreciated pursuant to statutorily prescribed limits. At trial, petitioner argued that his work on the rental properties was required to comply with California building codes and to restore the homes to a safe condition suitable for renting. Petitioner argued that his renovation expenditures should be deductible as incurred, rather than capitalized and depreciated. Nevertheless, petitioner was forthright in explaining the significant improvements he made to the properties, especially with regard to the Phelan property -- which involved gutting the existing structure and rebuilding the home to approximately triple its original size. Although petitioner was informed at trial that his significant renovations clearly *380 represent capital improvements, petitioner requested and was given additional time to address his position on brief. We are unable to provide petitioner with his requested relief and hold for respondent on this issue. The third issue is whether petitioner is entitled to deduct $ 5,564 of automobile and travel expenses relating to the rental properties, as claimed on his 1990 return. In the notice of deficiency, respondent disallowed these expenses for lack of substantiation. Petitioner has subsequently failed to present any documentation supporting this item, and respondent's determination is sustained. Rule 142(a). The next issue for decision is whether petitioner is liable for an addition to tax under section 6651(a) for failure to file a timely return. The addition to tax under section 6651(a) will be imposed unless the taxpayer establishes that the failure to file did not result from "willful neglect" and that the failure to file was "due to reasonable cause". "Willful neglect" has been interpreted to mean a conscious, intentional failure, or reckless indifference. . "Reasonable cause" requires *381 the taxpayer to demonstrate that he exercised ordinary business care and prudence. Id.
Petitioner's 1990 tax return was filed on September 9, 1991, which date was some 3 weeks after the August 15, 1991, extended due date for the return. Petitioner has failed to present any evidence of reasonable cause for filing his return after the extended due date. Therefore, petitioner is liable for the addition to tax under section 6651(a). Finally, respondent determined an addition to petitioner's tax for 1990 under section 6662(a) in the amount of $ 1,956. In her notice of deficiency, respondent determined generally that petitioner's underpayment of tax was attributable to (1) negligence or intentional disregard of rules or regulations, (2) any substantial understatement of income tax, and/or (3) any substantial valuation overstatement. At trial and in her pretrial memorandum, [4] respondent argued that petitioner's underpayment of tax was due to negligence; no mention was made of a substantial underpayment, and a valuation overstatement clearly does not apply. We treat respondent's failure to argue the substantial understatement issue as a concession of that point; we must therefore determine *382 only whether petitioner was negligent. Negligence includes a lack of due care or a failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . Petitioner bears the burden of proving that respondent's determination of negligence is erroneous. Rule 142(a); . A taxpayer can avoid liability for the addition to tax for negligence if he can show that he reasonably relied on the advice of a competent and experienced accountant or attorney to prepare his return. ; . *383 The taxpayer must show that he supplied all necessary information to the return preparer and that the error on the return resulted from the preparer's mistake. ; ; see . While petitioner was informed at trial that the significant renovations he made to the rental properties clearly represent depreciable capital improvements, petitioner persistently argued that his work on the properties was required to restore the homes to a safe condition suitable for renting and the costs associated therewith should be considered deductible expenses in the year incurred. Petitioner explained that he has no knowledge of tax law and that he entrusted Mr. Madkins, whom petitioner assumed was a qualified tax professional, to prepare his 1990 return. We note that the record contains copies of receipts upon which petitioner's deductions were based, including receipts for building permits related to the two bedroom addition on the Phelan property. We think petitioner *384 was forthright with Mr. Madkins, as petitioner was with this Court at trial, in providing appropriate descriptions of his work on the rental properties and the costs associated therewith, and that petitioner reasonably relied on Mr. Madkins to properly prepare his tax return. We therefore hold that petitioner is not liable for negligence in erroneously deducting the capital improvements on his 1990 return. We similarly hold that petitioner is not liable for negligence in erroneously depreciating the portion of his cost basis in the rental properties that is attributable to land. Again, we believe petitioner reasonably relied on Mr. Madkins to properly compute and report his allowable depreciation deductions on his 1990 return. Petitioner is liable, however, for negligence in reporting $ 5,564 in alleged automobile and travel expenses relating to his work on the rental properties; there is no evidence that petitioner supplied Mr. Madkins with receipts or other records supporting this deduction, nor did petitioner provide such documentation at trial. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. Section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to this Court's Rules of Practice and Procedure.↩
2. See , remanded per curiam on another issue .↩
3. Petitioner is entitled to testify to the value of property that he owns. See .↩
4. Respondent submitted a notice of her intention not to file a posttrial brief, wherein she indicated that her pretrial memorandum, in addition to the record and her opening statement at trial, adequately set forth her positions in this case.↩